ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com
J. DAVID SACKMAN (SBN 106703), and
(Email: jds@rac-law.com)
KATHERINE WILLIS (SBN 345772), of
(Email: katew@rac-law.com)
REICH, ADELL & CVITAN, A Professional Law Corporation
330 N. Brand Blvd., Suite 250, Glendale, California 91203
Telephone: (213) 386-3860, Facsimile: (213) 386-5583

Attorneys for Plaintiff and Counterclaim Defendant
Construction Laborers Trust Funds for Southern California
Administrative Co.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EVERFENCE CORPORATION, a Delaware corporation,<br><br>Defendant,<br>-----------------------------------------------<br>EVERFENCE CORPORATION, a Delaware corporation<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company; SOUTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS,<br><br>Counterclaim Defendants. | Case No.: 8:26-CV-00046 JVS (RAOx)<br><br>**PLAINTIFF'S REPORT ON DEFENDANT EVERFENCE'S FAILURE TO COMPLY WITH COURT ORDER AND REQUEST FOR COURT TO ISSUE ORDER TO SHOW CAUSE**<br><br>[Hon. James V. Selna] |

Plaintiff and Counterclaim Defendant Construction Laborers Trust Funds for Southern California Administrative Company, LLC ("CLTF") submits this report on Defendant EverFence Corporation's ("Employer") compliance with the Court's Order Regarding CLTF's Motion for Preliminary Injunction [Docket No. 56] ("Audit Order"), and requests that the Court issue an Order to Show Cause re: Contempt of Court and order an officer of Employer to personally appear at the hearing.

On August 21, 2026, CLTF filed a Motion for Preliminary Injunction (Dkt# 36), seeking an Order compelling Employer to produce its records for audit by CLTF. The relief requested included a requirement that a responsible officer of the Employer personally appear at a hearing to determine compliance with this Order. At that time, Employer was represented by counsel. However, its attorney filed a Motion to be Relieved as Counsel (Dkt# 44), which was set for hearing at the same time as our Motion. As we argued in our original Motion:

> "Plaintiff also requests that this Order include a requirement that a responsible officer of the Employer personally appear at a hearing to determine compliance with this Order. This is a reasonable and necessary requirement. In *Ground Serv. Tech.*, supra, the Court also ordered such a requirement, because "the history of this litigation, described at length supra, demonstrates that such an extreme step is necessary." *Ground Serv. Tech.*, at *9; See also, *Constr. Laborers Tr. Funds for S. California Admin. Co. v. W. Coast Structures, Inc*., No. ED-CV-180049 (JGB), 2018 WL 6039866 (C.D. Cal. July 5, 2018), at *9, where Judge Bernal made the same order, citing *Ground Serv. Tech*." [Dkt# 36-1 at p. 11].

On September 22, 2026, the Court granted CLTF's motion, except for the provision requiring a personal appearance in Court. As the Court explained:

> "The Court declines to impose that requirement at this time. CLTF relies principally on Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Ground

Serv. Tech., Inc., No. CV 13-414 DMG (JEMx), 2014 WL 12561599, at *9 (C.D. Cal. Feb. 14, 2014), which characterized such a requirement as an "extreme step" warranted by the history of the litigation before it. Here, although EverFence's failure to cooperate with the Audit warrants an order compelling its cooperation, the record does not presently establish a comparable history of repeated noncompliance warranting the additional requirement of a corporate officer's personal appearance. Particularly in light of EverFence's present motion to transition counsel, the Court finds it appropriate to afford EverFence an opportunity to comply with the injunction before imposing such additional measures." [Dkt# 56, pp. 16-17].

The Court therefore "DENIES CLTF's request for a mandatory personal appearance by an EverFence officer" but "GRANTS CLTF's motion for a preliminary injunction requiring EverFence to, within twenty (20) days, grant CLTF's auditors access to EverFence's Gusto payroll software for the purpose of conducting the audit as provided for by Article XXV of the MLA. CLTF is invited to respond within five (5) days thereafter in the event it finds that EverFence has not adequately complied with this order." [Id. at p. 18],

The Court also granted the Motion to Withdraw as Counsel. [Dkt# 57]. Both Orders were served on the Employer. [Dkt#s 58, 59, 60]. As outlined in the declaration of Katherine Willis ("Willis Decl."), the Audit Order was served on Employer, its attorneys, and its officers, including its Chief Executive Officer – Robert Rackleff - via mail and email. No response from a current officer or attorney has been received. [Willis Decl ¶ 5]. 20 days have now passed since the Audit Order was issued, and Employer has not complied. [Id.]. As ordered, we therefore "respond" to show that "that EverFence has not adequately complied with this order." [Dkt# 56 at p. 18].

There is now "a comparable history of repeated noncompliance" with Court Orders. The Employer has been afforded "an opportunity to comply with the

injunction" so that it is now appropriate to impose "such additional measures."

We therefore now request that the Court set an Order to Show Cause why the Employer and its officer(s) should not be held in contempt of Court for violating this Court's orders, and that an officer of Employer personally appear at a hearing to explain its noncompliance. As the current CEO of the Employer, who has been served with the Audit Order, Robert Rackleff should be the one ordered to appear in court. A Proposed Order to Show Cause to that effect is submitted herewith. CLTF is available for a hearing at the Court's regular civil motion times on Mondays at 1:30 p.m.

Respectfully submitted,

DATED: October 16, 2026

KATHERINE WILLIS, of
REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Katherine Willis
KATHERINE WILLIS
Attorneys for Plaintiff



#629285v2